UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>THE STATE OF WEST VIRGINIA,<br>by and through the<br>WEST VIRGINIA DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION<br><br>   *Plaintiffs*,<br><br>   v.<br><br>WACO OIL & GAS CO., INC.,<br><br>   *Defendant*. | Civil Action No. 1:23-CV-78 (KLEEH) |

**PLAINTIFFS' UNOPPOSED MOTION TO ENTER THE CONSENT DECREE**

  Plaintiffs, the United States of America and the State of West Virginia ("the State"), by and through the West Virginia Department of Environmental Protection ("WVDEP"), move the Court to approve and enter the proposed Consent Decree lodged with the Court on September 28, 2023, ECF No. 4-1. All parties have executed the proposed Consent Decree, and its entry by the Court is unopposed. In support of their motion, Plaintiffs state as follows:

  1.  Beginning on January 13, 2020, the U.S. Environmental Protection Agency ("EPA") learned of unauthorized discharges by Defendant of dredged and/or fill material (such as dirt, rock, and sand) to waters of the United States and waters of the State located at a 392-acre site located on Route 19 approximately 1.25 miles southeast from the intersection of Route 19 and I-79 in Sutton, Braxton County, West Virginia ("the Site"). The discharges began as early as September 2016. EPA and WVDEP conducted multiple inspections of the Site and identified several potential violations.

2.       On September 28, 2023, the United States and the State lodged with the Court the proposed Consent Decree, which was agreed to and signed by the United States (on behalf of EPA), the State, and Defendant. The United States and the State simultaneously filed a Complaint seeking civil penalties and injunctive relief for Defendant's alleged discharges of dredged and/or fill material into waters of the United States and waters of the State on the Site, which occurred without a permit issued pursuant to the Clean Water Act ("CWA") and without the necessary authorization under the West Virginia Water Pollution Control Act ("WPCA"). The proposed Consent Decree, if approved and entered by the Court, would resolve all of the claims in the Complaint and thereby end the present litigation.

3.       A district court should approve a consent decree if the agreement "is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest." *L.J. v. Wilbon*, 633 F.3d 297, 311 (4th Cir. 2011) (citing *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999)) (internal quotations omitted). When considering whether to enter a proposed consent decree, district courts "should be guided by the general principle that settlements are to be encouraged." *Id.* Where, as here, "the government and the alleged polluter enter into a consent decree designed to cure violations of the CWA, courts 'must be particularly deferential to the [government] agency's expertise.'" *Sierra Club v. ICG Eastern, LLC*, 833 F. Supp. 2d 571, 578 (N.D. W. Va. 2011) (quoting *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008)); *see also United States v. City of Welch, W. Va.*, No. 11-647, 2012 WL 385489, *2 (S.D. W. Va. Feb. 6, 2012) ("'The presumption in favor of settlement is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency specially equipped, trained, or

oriented in the field. EPA is such an agency.'" (quoting *United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027, 1035 (D. Mass. 1989))).

      4.      Under the terms of the proposed Consent Decree, Defendant will pay a civil penalty of $412,500 to the United States and $412,500 to the State within 30 days of entry. ECF No. 4-1 ¶ 19. Defendant is also obligated to perform on-site restoration work—including removal of fill material, restoration of stream channels, planting appropriate native species, and grading and stabilizing disturbed soils—and to provide off-site mitigation, as directed by EPA. *Id.* ¶ 25 & Appx. B. The proposed Consent Decree also obligates Defendant to secure perpetual site protection through a deed restriction for the restored areas. *Id.* ¶ 26. Where resources cannot be restored, or where perpetual site protection is unavailable, Defendant is obligated to perform off-site mitigation or to purchase appropriate off-site stream or wetland credits from a mitigation bank that has been approved by the U.S. Army Corps of Engineers. *Id.* Appx. B.

      5.      As of the time of this filing, Defendant has initiated restoration work at the Site under an EPA-approved restoration plan.

      6.      The Court should approve and enter the proposed Consent Decree because the proposed Consent Decree is fair, adequate, reasonable, and in the public interest. The proposed Consent Decree was reached as the result of extensive negotiations carried out in good faith among well-informed parties. Resolution of this matter through the proposed Consent Decree will save significant time and resources both for the parties and the Court. Moreover, the proposed Consent Decree is consistent with the requirements, goals, and purposes of the CWA and of the WPCA. The parties to the proposed Consent Decree have agreed to its entry without the need for further consent. *Id.* ¶ 83.

7.      Pursuant to 28 C.F.R. § 50.7, the United States Department of Justice published notice of the proposed Consent Decree in the *Federal Register* on October 4, 2023, and requested public comment for a period of 30 days. *See* Notice of Lodging of Proposed Consent Decree, 88 Fed. Reg. 68,672. The 30-day comment period has expired.

8.      Pursuant to W. Va. Code R. § 47-10-16.2.c, the State published notice of the proposed Consent Decree in local newspapers and on its website on November 21, 2023, and requested public comment for a period of 30 days. That 30-day comment period has also expired.

9.      Under 28 U.S.C. § 50.7(b), the United States reserves the right to withdraw or withhold its consent from a proposed consent decree if public comments "disclose facts or considerations which indicate that the proposed judgment is inappropriate, improper or inadequate." The Department of Justice did not receive any comments after lodging the proposed Consent Decree, and has determined that entry of the proposed Consent Decree is in the best interests of the United States.

10.     Under W. Va. Code R. § 47-10-16.2.c, the Director of the WVDEP is required to consider any comments received during the public comment period on a proposed settlement of an enforcement action. Here, WVDEP received no comments and has determined that entry of the proposed Consent Decree is in the best interests of the State.

11.     For the reasons set forth above, the United States has concluded that there is no reason for the United States to withhold or withdraw its consent to the proposed Consent Decree, and accordingly joins the other parties in consenting to its entry.

For the foregoing reasons, the United States and the State respectfully request that the Court sign the proposed Consent Decree and enter it as an order of the Court.

Dated: 1/5/2024                                       Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Sarah A. Buckley*
SARAH A. BUCKLEY
ALBERT LIN
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-7554 (Buckley)
(202) 514-2741 (Lin)
sarah.buckley@usdoj.gov
albert.lin@usdoj.gov

WILLIAM IHLENFELD
UNITED STATES ATTORNEY

*/s/ Maximillian F. Nogay*
MAXIMILLIAN F. NOGAY
Assistant United States Attorney
W. Va. Bar # 13445
United States Attorney's Office
P.O. Box 591
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
(304) 234-0100 (office)
(304) 234-0110 (facsimile)
Max.Nogay@usdoj.gov

OF COUNSEL:

AVIVA H. REINFELD
Assistant Regional Counsel
United States Environmental Protection Agency
Region III
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103

FOR THE STATE OF WEST VIRGINIA

*/s/ Charles Scott Driver*
CHARLES SCOTT DRIVER
WV Bar ID No. 9846
Director, Office of Legal Services
WV Department of Environmental Protection
601 57th Street Southeast
Charleston, WV 25304
charles.s.driver@wv.gov